IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3247 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RANDY CROSBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 16 and 25, the defendants' Motions to Dismiss the complaint filed by the plaintiff, Julio Ramos, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he was viciously beaten on September 4, 2003, by a corrections officer who used excessive force, and then the plaintiff was unfairly relegated to administrative confinement.

**Eighth Amendment**

The Eighth Circuit Court of Appeals explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

## Standard of Review

The defendants contend that the complaint fails to state a claim on which relief may be granted under the Eighth Amendment to the United States Constitution. The plaintiff speaks no English, but with the help of others, he has amplified his complaint in a supplement and affidavit (filing nos. 27 and 28).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). A claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). See also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002), *citing* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993):

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In Leatherman we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983. *Expressio unius est exclusio alterius*."

## Amended Complaint

While the complaint will not be dismissed, and the defendants' motions will be denied, the plaintiff does have to amend his complaint. The plaintiff has attempted to serve a summons on a person who is not named in the caption of the complaint and thus is not a party to this litigation. Accordingly, the plaintiff must send the court a new document entitled "Amended Complaint." The Amended Complaint must name, in the **caption**, all of the defendants the plaintiff intends to sue, and next to each defendant's name, the plaintiff should state whether that defendant is sued in his or her "individual capacity," "official capacity," or "individual **and** official capacities."

Upon receipt of the Amended Complaint, the court will send the plaintiff forms to fill out for service of process by the U.S. Marshal on any defendants who have not yet been

served. The court will send the plaintiff a form he may use for his Amended Complaint.[1]

THEREFORE, IT IS ORDERED:

1. That filing nos. 16 and 25, the defendants' Motions to Dismiss, are denied;
2. That by May 30, 2006,[2] the plaintiff shall file an Amended Complaint;
   a. The Amended Complaint must name, in the **caption**, all of the defendants the plaintiff intends to sue, and next to each defendant's name, the plaintiff should state whether that defendant is sued in his or her "individual capacity," "official capacity," or "individual **and** official capacities;"
   b. The Amended Complaint should explain what each defendant did that caused the plaintiff to sue that defendant;
3. That a form is attached to this Memorandum and Order which the plaintiff may use for his Amended Complaint.

April 24, 2006.                              BY THE COURT:


                                             /s *Richard G. Kopf*
                                             United States District Judge

---

[1] In the Amended Complaint, the plaintiff should try to explain why he has sued each defendant. For example, what did defendant-Crosby do to cause the plaintiff to sue him?

[2] If the plaintiff needs additional time to meet a deadline because of his language difficulties or because he is in segregation, he may always move for additional time. Extensions of time are freely granted to all parties in a case such as this.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

# AMENDED CIVIL COMPLAINT

**Case No.**  4:05-cv-03247

I.      **CASE CAPTION:**    **Parties to this Civil Action**:

Pursuant to Fed. R. Civ. P. 10(a), the names of **all** parties must appear in the case caption. The court will **not** consider a claim against any defendant who is not listed in the caption.

A.      Plaintiff(s) Name(s):                                              Address(es):

Julio Ramos

B.      Defendant(s) Name(s):                                           Address(es) If known:

(Attach extra sheets if necessary.)
**II.  STATEMENT OF CLAIM(S)**

State briefly the facts of your claim.  Describe how each defendant is involved.  You do not need to give legal arguments or cite cases or statutes. Use as much space as you need to state the facts. (Attach extra sheets if necessary.)

A. **When** did the events occur?

_____

_____

_____

B. **What** happened?

_____

_____

_____

_____

_____

_____

_____

_____

**II.  STATEMENT OF CLAIM(S)** (continued)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**III.  STATEMENT OF JURISDICTION**

Check any of the following that apply to this case (you may check more than one):

_____United States or a federal official or agency is a party

_____Claim arises under the Constitution, laws or treaties of the United States

_____Violation of civil rights

_____Employment discrimination

_____Diversity of Citizenship (a matter between citizens of different states in which the amount in controversy exceeds $75,000)

_____Other basis for jurisdiction in federal court (explain below)

_____

_____

_____

_____

**IV.    STATEMENT OF VENUE**

State briefly the connection between this case and Nebraska. For example, does a party reside or do business in Nebraska? Is a party incorporated in Nebraska? Did an injury occur in Nebraska? Did the claim arise in Nebraska?

_____

_____

_____

_____

**V.    RELIEF**

State briefly what you want the court to do for you.

_____

_____

_____

_____

**VI.   EXHAUSTION OF ADMINISTRATIVE PROCEDURES**

Some claims, but not all, require exhaustion of administrative procedures. Answer the questions below to the best of your ability.

A.   Have the claims which you make in this civil action been presented through any type of administrative or grievance procedure within any state, local or federal government agency?

   Yes _____    No _____

B.   If you answered yes, state the date your claims were so presented, how they were presented, and the result of that procedure:

_____

_____

_____

C.   If you answered no, give the reasons, if applicable, why the claims made in this action have not been presented through administrative procedures:

_____

_____

_____

**VII.   ARE YOU REQUESTING TRIAL BY A JURY OR BY A JUDGE?  (check one)**:

   JURY _____        JUDGE _____


**VIII.  VERIFICATION**

   **I (we) declare under penalty of perjury that the foregoing is true and correct.**

Date(s) Executed:              Signature(s) of Plaintiff(s):

_____

_____

_____

_____

_____

_____

Note:

IF YOU CANNOT AFFORD TO PAY THE COURT'S FILING FEE UPON THE FILING OF YOUR COMPLAINT, THERE IS A SEPARATE FORM TO BE USED FOR APPLYING TO PROCEED IN FORMA PAUPERIS.   Also, if there is more than one plaintiff in the case who wishes to proceed in forma pauperis, **each such plaintiff must submit a separate application to proceed in forma pauperis.**