IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3247 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RANDY CROSBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 33, the defendants' Motion to Dismiss the Amended Complaint filed by the plaintiff, Julio Ramos, a prisoner in the custody of the Nebraska Department of Correctional Services. The plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he was viciously beaten on September 4, 2003, by Corrections Officer June who used excessive force.

However, the problem is that the plaintiff has not sued Officer June but has sued Randy Crosby who is otherwise not mentioned in the Amended Complaint. Another problem is that the plaintiff has not stated whether or not he filed any grievance forms to exhaust his administrative remedies in order to bring his claims in federal court.

The record indicates that the plaintiff speaks no English, but that he has received assistance from other inmates. In consideration of that difficulty, this court has denied the defendants' previous motion to dismiss the complaint and has granted the plaintiff leave to amend his pleadings. At this time, however, it is clear that the only actor against whom the plaintiff has stated a claim on which relief may be granted is Officer June, the person who beat the plaintiff as described in the Amended Complaint.

I will grant the motion of the existing individual-capacity defendants to be dismissed from this action, and I will grant the plaintiff thirty (30) days from the date of this Order to name Officer June as a defendant, in his individual and official capacities, if the plaintiff so wishes. However, if the plaintiff does choose to file a Second Amended Complaint naming Officer June as a defendant, the plaintiff must provide some evidence or description of the

plaintiff's exhaustion of administrative remedies. It will not be sufficient to state that he does not remember whether or not he submitted any grievance forms inside the prison system. The plaintiff must at least describe what he did to fulfill the requirement that he file prison grievances before asserting his claim(s) in federal court.

THEREFORE, IT IS ORDERED:

1. That filing no. 33, the Motion to Dismiss filed by Randy Crosby, Mike Kenney, Robert Houston, Dave Heineman, and Frank Hopkins, in their individual capacities only, is granted, and those defendants, in their individual capacities, are dismissed from this litigation;

2. That the plaintiff shall have thirty (30) days from the date of this Order to file a Second Amended Complaint against Officer June as a defendant, in June's individual and official capacities, if the plaintiff so wishes;

3. That if the plaintiff does choose to file a Second Amended Complaint naming Officer June as a defendant, the plaintiff must also provide some evidence or description concerning his submission of grievances to exhaust his administrative remedies, in order to proceed with this litigation; and

4. That in the absence of a timely and sufficient Second Amended Complaint, including a statement regarding the submission of prison grievances, this matter may be subject to dismissal without further notice for failure to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(6).

January 4, 2007.                            BY THE COURT:


                                            s/ *Richard G. Kopf*
                                            United States District Judge