IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3247 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, DCS Officer, and | ) | **MEMORANDUM** |
| UNKNOWN JUNE, Officer, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's Motion to Compel (filing no. 56) and Plaintiff's Motion for a Copy of Rule NECivR 7.1(i) (filing no. 57).

Plaintiff's Motion to Compel asks the court to compel discovery. Federal Rule of Civil Procedure 37 provides that:

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

. . .

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(I) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

(C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Here Plaintiff has not indicated specifically what discovery he would like the court to compel Defendants to produce, nor has he certified that he has worked with Defendants to obtain the discovery. Accordingly, Plaintiff's Motion is denied.

Next, Plaintiff moves the court to provide him with a copy of NECivR 7.1(i). The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also* *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Plaintiff requires copies of court

documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Therefore, Plaintiff's Motion is denied.

Also pending before the court is Defendant Unknown June's Second Motion for Summary Judgment. (Filing No. 53). Because that Motion becomes ripe for decision days before the parties scheduled pretrial conference, on its own motion the court will amend the Progression Order as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Compel (filing no. 56) is denied.

2. Plaintiff's Motion for Copies (filing no. 57) is denied.

3. Pretrial Conference.

   a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **September 12, 2008**. The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **September 26, 2008.** Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **October 10, 2008**. If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

3

    b.    The Final Pretrial Conference will be held before Magistrate Judge David L. Piester on **October 21, 2008 at 9:00 a.m.** Prior to the pretrial conference, all items as directed in [NECivR 16.2](#) and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

    c.    If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, Defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call.

4.    The trial date will be set by Magistrate Judge Piester at the time of the Final Pretrial Conference.

5.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Piester to be held on October 21, 2008.

July 8, 2008.                BY THE COURT:

                                      s/*Richard G. Kopf*
                                      United States District Judge