IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | 4:05CV3247 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RANDY CROSBY, | ) | |
| MIKE KENNEY, | ) | |
| UNKNOWN CALVIN, | ) | |
| ROBERT HOUSTON, | ) | |
| DAVE HEINEMAN, | ) | |
| FRANK HOPKINS, | ) | |
| JOHN DOE DCS OFFICER, and | ) | |
| OFFICER DOUG JUNE, | ) | |
| | ) | |
| Defendants. | ) | |

This lawsuit stems from Julio Ramos's assertion that excessive force was used against him on September 4, 2003, while he was being held at the Lincoln Correctional Center ("LCC"). The Nebraska Department of Correctional Services ("DCS") administers the LCC. The sole remaining claim in this case is a 42 U.S.C. § 1983 claim against Doug June in his individual capacity for alleged violations of Plaintiff's civil rights. This matter is before the court upon Officer June's Second Motion for Summary Judgment. (Filing 53.) He asserts that Plaintiff's case is barred because he failed to exhaust his administrative remedies. I will grant the motion.

### Background

Officer June filed an earlier motion for summary judgment on May 15, 2007, also asserting failure to exhaust administrative remedies. (Filing 43.) That motion was denied because the record before the court at that time did not contain evidence

to support June's assertion that Plaintiff was supplied with a translated version of the DCS Rules and Regulations detailing grievance procedures, and the Spanish-speaking Plaintiff alleged that he was unaware of the grievance procedure and cannot read English. (Filing 48 at 3-4.) The order denying the first motion for summary judgment provided as follows: "If June has some evidence which will conclusively establish that Ramos had knowledge of the grievance procedure, he may file another motion for summary judgment and provide such evidence for the court's consideration." (Filing 48 at 4 n.5.) Officer June has now provided conclusive evidence that Plaintiff had knowledge of the grievance procedure. Plaintiff has failed to respond to the second motion for summary judgment.

The undisputed material facts are as follows.

1. The Second Amended Complaint alleges that on September 4, 2003, while Plaintiff was housed at the LCC, Defendant June used excessive force against him. (Filing 41 (Second Amended Complaint) at CM/ECF p. 3.)

2. Plaintiff was incarcerated at the Nebraska State Penitentiary at the time this suit was filed. (Filing 1 (Complaint).)

3. The DCS inmate rulebook outlines the grievance procedure available to inmates. Among other things, it requires that an inmate submit a grievance on a specified form. (Filing 55-3 (DCS grievance procedures).)

4. On August 30, 2002, when he entered LCC, Plaintiff signed a form indicating that he had received a copy of the DCS inmate rulebook in Spanish. (Filing 55-2 (Diagnostic and Evaluation Center New Commitment Issue Form).)

5. If an inmate does not speak English, but wishes fo file a grievance, interpreters are available to assist the inmate. (Filing 55-4 (Bakewell Aff.) at ¶ 7.)

6.	Correctional officials maintain a file of all grievances submitted by an inmate during the inmate's incarceration in a DCS facility. Those files have been reviewed to determine if Plaintiff has submitted any grievances with respect to the issues currently before the court. There is no record of any grievance filed by Plaintiff regarding an incident involving force on September 4, 2003. (Filing 55-4 (Bakewell Aff.) at ¶¶ 8-9.)

7.	The time limit for filing a grievance regarding the September 4, 2003 incident had passed long before Plaintiff filed this suit. (Filing 55-3 (DCS Rules & Regulations) at Title 68, Section 2.004, found at CM/ECF pages 2-3 (informal grievance resolution form must be filed within three calendar days of the incident giving rise to the complaint and formal grievance must be filed within twenty calendar days of the incident).)

**Standard of Review**

A motion for summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal citation omitted). In response to the moving party's evidence, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In that regard,

> once the moving party has met its burden of showing "the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law[,] . . . the non-moving party may not rest on the allegations of his

pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.

*Krein v. DBA Corp.*, 327 F.3d 723, 726 (8th Cir. 2003) (quoting *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002)(internal citations omitted)).

### Discussion

As Plaintiff filed this suit while he was incarcerated, the provisions of the Prison Litigation Reform Act ("PLRA") apply and require exhaustion of administrative remedies. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and cannot be waived by the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Dismissal is required when an inmate has not exhausted administrative remedies before filing suit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The undisputed evidence shows that Plaintiff was provided with a Spanish language copy of the DCS rules regarding grievances upon incarceration at the LCC. An interpreter was available to assist non-English speaking inmates wishing to file grievances. Correctional records show that Plaintiff submitted no grievances with regard to the September 4, 2003 incident which is the basis of this suit. Ramos' assertions in the Second Amended Complaint to the effect that he was unaware of the grievance procedure and cannot read English are insufficient to create a genuine issue of material fact. *Krein*, 327 F. 3d at 726 (when confronted with evidence by the moving party, non-moving party cannot rely on the allegations of the pleadings, and must set forth specific facts by affidavit or other admissible evidence).

For the foregoing reasons,

IT IS ORDERED:

1. Defendant's Second Motion for Summary Judgment (filing 53) is granted, and

2. Judgment shall be entered by separate order.

August 4, 2008.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge