IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | |
| | ) | 4:05CV3247 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN DOE, DCS Officer, and | ) | |
| UNKNOWN JUNE, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel. (Filing No. 64.) On August 4, 2008, the court entered judgment against Plaintiff and dismissed his claims with prejudice. (Filing Nos. 61 and 62.) Subsequently, Plaintiff filed a Notice of Appeal and a Motion to Appoint Counsel. (Filing Nos. 63 and 64.)

## I.   Plaintiff's Notice of Appeal

Pursuant to the Prison Litigation Reform Act ("PLRA"), an incarcerated civil appellant is required to pay the full amount of the $455.00 filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis. 28 U.S.C. § 1915(b). Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted).

*Henderson* established the following procedures for notifying pro se prisoners of their appellate filing fee obligations:

> (1) When the district court notifies the prisoner ... in a civil action of its judgment, the court shall notify the prisoner that:

>(a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full $[455] appellate filing fees regardless of the outcome of the appeal;
>
>(b) by filing a notice of appeal the prisoner consents to the deduction of the [fees] from the prisoner's prison account by prison officials;
>
>(c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and
>
>(d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

*Id.* at 483-84.

Therefore, the court will permit Plaintiff additional time to consider the effect of filing a notice of appeal in this action in light of the foregoing notification. Plaintiff shall have 20 days in which to file a notice of withdrawal of appeal. In the event that Plaintiff does withdraw his appeal, he will not be responsible for the $455.00 appellate filing fee. In the event that Plaintiff seeks to proceed with his appeal, he shall submit to the Clerk of the court either the full $455.00 appellate filing fee or a certified copy of his prison account for the last six months within 20 days of the date of this order. As set forth in *Henderson*, if Plaintiff does not timely submit the required prison account information, the court will assess "an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances." *Henderson*, 129 F.3d at 484.

## II. Plaintiff's Motion to Appoint Counsel

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Appoint Counsel (filing no. 64) is denied.

2. Plaintiff shall have until October 1, 2008, to file a notice of withdrawal of appeal in this matter. If Plaintiff does file a notice of withdrawal of appeal, he will not be responsible for the $455.00 appellate filing fee and the appeal will not proceed.

3. In the event that Plaintiff seeks to proceed with his appeal, he shall submit to the Clerk of the court either the full $455.00 appellate filing fee or a certified copy of his prison account statement for the last six months no later than October 1, 2008.

4. If Plaintiff does not timely submit the required prison account information, the court will assess an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has regarding the prisoner's finances.

5. The Clerk of the court shall not process the appeal in this matter pending further order of the court.

3

6.     The Clerk of the court is directed to set a pro se case management deadline with the following text: October 1, 2008: deadline for Plaintiff to file notice of withdrawal of appeal.

September 11, 2008.                     BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge